IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GLENN PAYTON, JR.                                                              PETITIONER

v.                                                     CIVIL ACTION NO. 2:10cv250-KS-MTP

RONALD KING and JIM HOOD                                                     RESPONDENTS

## REPORT AND RECOMMENDATIONS

This matter is before the Court on the *pro se* petition of Glenn Payton, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254. Having considered the petition and other submissions,[1] the [9] answer, the [11] traverse, the record of the state court proceedings and the applicable law, the undersigned is of the opinion that the petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.[2]

## PROCEDURAL HISTORY

Following a jury trial, petitioner was convicted of one count of statutory rape under Miss. Code Ann. § 97-3-65(1)(a) in the Circuit Court of Forrest County, Mississippi.[3] By order filed January 8, 2009, petitioner was sentenced to a term of thirty (30) years in the custody of the

---

[1]Petitioner also filed a [4] Memorandum of Law in Support of his petition.

[2]Petitioner filed a separate [13] Motion for Summary Judgment primarily aimed at one of the issues raised by his petition, namely the defect in the indictment. Because of the recommended disposition on the underlying petition, it follows that the [13] motion should be denied.

[3]The relevant facts of this case are set forth more fully in the court of appeals's opinion affirming petitioner's conviction and sentence on direct appeal. *See Payton v. State*, 41 So. 3d 713 (Miss. Ct. App. 2009). [9]-1. To briefly summarize, petitioner lived with a girlfriend and her three daughters, one of whom was fifteen years old. The 15-year old told her mother that she was pregnant with petitioner's child. The mother filed charges with the Hattiesburg, Mississippi police department.

Mississippi Department of Corrections. [10]-1 at pp. 49-50.

Thereafter, following denial of his motion for a judgment notwithstanding the verdict or, in the alternative, motion for a new trial, [10]-1 at pp. 52, 55, petitioner directly appealed his judgment of conviction. [10]-1 at p. 57.[4] He asserted the following issues (as stated in the supplemental appellate brief):

> A. Petitioner's conviction derived from a defective indictment.
>
> B. Petitioner's conviction derived from an improper amendment to indictment.
>
> C. Petitioner was deprived of his right to a speedy trial.
>
> D. Petitioner's conviction derived from prosecutorial misconduct.
>
> E. Petitioner was deprived of his right to effective assistance of trial counsel.

[10]-3 at p. 40 of 155.

Petitioner's conviction and sentence were affirmed by the court of appeals in a written opinion dated December 1, 2009. *See supra* n.3. His motion for rehearing was denied April 20, 2010. The Mississippi Supreme Court denied the petition for a writ of certiorari.[5] [10]-3 at p. 90

---

[4]Petitioner was represented in the trial proceedings by William B. Ferrell, Jr., who also filed the Notice of Appeal. He filed a motion to withdraw at the appellate level, which was granted. [10]-3 at 125, 123. Appellate counsel George T. Holmes entered an appearance, [10]-3 at 129, and filed a brief with a statement "pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), that he has diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the court on [petitioner's] behalf in good faith for appellate review, and upon conclusion, found no errors which were ultimately prejudicial to [petitioner]." [10]-3 at p. 7. Petitioner subsequently filed a *pro se* supplemental brief. [10]-3 at pp. 38-76. *See also Payton*, 41 So. 3d at 716-17.

[5]Under Mississippi statute, the Supreme Court may assign any appeal to the Court of Appeals, subject to certain exceptions not applicable here. *See* Miss. Code Ann. § 9-4-3. Decisions of the Court of Appeals are final and not reviewable by the Supreme Court except on a writ of certiorari, the granting of which is discretionary. *Id.*

2

of 155 (Mandate).

Petitioner filed the instant [1] Petition for Writ of Habeas Corpus ("petition") in this Court on or about October 19, 2010 (as stated by petitioner):

**Ground One**: Whether [petitioner's] indictment was defective.

**Ground Two**: Whether the indictment was improperly amended.

**Ground Three:** Whether [petitioner] was deprived of his right to a speedy trial.

**Ground Four:** Whether there was prosecutorial misconduct.

**Ground Five:** Whether [petitioner] received ineffective assistance of counsel.

## **THE STANDARD OF REVIEW**

As the petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights     of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, the petitioner must first present his claims to the

highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844. Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* (citations omitted). Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain*, 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000). Respondent "submits that Petitioner has exhausted his state court remedies as to the issues raised in the instant petition and that any further return to the state court on these issues would be futile." [9] at 4.

Upon the determination of whether the petitioner has exhausted state court remedies, this Court must also determine whether the state court has decided the asserted claim on the merits, thus barring habeas relief except under very limited circumstances. AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts review pure questions of law, as well as mixed questions of law and fact, under subsection (d)(1). *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000); *Corwin v. Johnson*,

4

150 F.3d 467, 471 (5th Cir. 1998). The "unreasonable application" inquiry is based on an objective standard, and for purposes of the (d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004) (citation omitted). Rather, the application of clearly-established precedent must be both incorrect *and* unreasonable for federal habeas relief to be warranted. *Id.* (citations omitted).

Pure questions of fact are reviewed under subsection (d)(2). *Hill*, 210 F.3d at 485; Corwin*,* 150 F.3d at 471. Determination of a factual issue made by a state court is entitled to a presumption of correctness which the petitioner has the burden of rebutting by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Schriro v. Landrigan,* 550 U.S. 465, 473-74 (2007).

It is against this backdrop that petitioner's claims must be reviewed–with the added caveat that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated . . . ". *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986); *see also Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983) (citations omitted). Thus, AEDPA provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved." *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir.

1981) (citations omitted).

## **ANALYSIS**

### **Ground One–Whether petitioner's indictment was defective**

The sufficiency of a state indictment is not a matter of federal habeas corpus relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003), *cert. denied*, 543 U.S. 1056 (2005); *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted). Moreover, "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id.*; *see also Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

"State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). The purpose of an indictment is to "fully notify the defendant of the nature and cause of the accusation." Mississippi Uniform Rules of Circuit & County Court ("URCCC") 7.06;[6] *see also Starns v. State*, 867 So. 2d 227, 232 (Miss. 2003) (citing U.S. Const. Amend. V; Miss. Const. art. 3, § 26). URCC 7.06 also provides that "[f]ormal and technical words are not necessary in an indictment, if the offense can be substantially described without them."

With these legal principles in mind, the Court now turns to the relevant facts related to the indictments. Petitioner was originally indicted on May 19, 2008, in case no. 08-289-CR. [4]-2. At the top of the indictment are the words Statutory Rape and citation to Miss. Code Ann. § 97-3-65(1)(B). The relevant charging language of this indictment reads:

> [O]n or about November 17, 2006, through November 22, 2006, being of the age of

---

[6]*See infra* note 9 and accompanying text.

eighteen (18) years or older at the time in question, [petitioner] did feloniously and unlawfully engage in sexual intercourse with [the victim], a child under the age of fourteen (14) years at the time in question, while [Petitioner] was more than twenty-four months older than [the victim] and she was not his spouse . . . .

This language tracks Miss. Code Ann. § 97-3-65(1)(b).

A second indictment[7] was brought against Petitioner on August 19, 2008, bearing case no. 08-445CR. [4]-2. At the top of this indictment are the words Statutory Rape and citation to Miss. Code Ann. § 97-3-65(1)(b), which is the same citation as the first indictment. However, the relevant charging language in this indictment reads:

[O]n or about November 17, 2006, through November 22, 2006, being of the age of eighteen (18) years or older at the time in question, [petitioner] did feloniously and unlawfully engage in sexual intercourse with [the victim], a child who was *at least fourteen (14) years of age but under sixteen (16) years of age* at the time in question, while [petitioner] was more than *thirty-six (36) months older than* [the victim] and he was not her spouse.

(Emphasis supplied). The italicized language conformed to the fact that the victim's age at the time of the crime was 15.[8]

On December 22, 2008, prior to trial, the prosecution filed a Motion to Amend the second indictment. [10]-1 at 13. The motion reflected, in pertinent part, that, as discussed *supra*, the proper section number of the charging language contained in the subsequent indictment should have been 97-3-65(1)(a) instead of 97-3-65(1)(b). The trial court granted the motion. [10]-1 at 36.

On appeal, the court of appeals reasoned as follows:

---

[7]As discussed *infra*, an Order of Nolle Prosequi of the first indictment was subsequently entered. *See also* [9]-2.

[8]The victim's date of birth is October 17, 1991. [10]-2 at 116, 123, 130.

7

> During a motions hearing before the trial court, the State admitted that Payton's initial indictment was defective because he was indicted for statutory rape of a child who was under fourteen years of age. However, "[u]nder Mississippi law, the entry of a nolle prosequi unconditionally dismisses a criminal indictment, but without prejudice to the [S]tate to seek re-indictment." *In re C.R.*, 879 So. 2d 1119, 1121 (¶ 8) (Miss. Ct. App. 2004) (quoting *Beckwith v. Anderson*, 89 F. Supp. 2d 788, 792 (S.D. Miss. 2000)). The State obtained a second indictment that charged Payton with the proper offense, and the first indictment was nol prossed.
>
> The supreme court has held that a defendant, who was indicted for capital murder, was not prejudiced by the return of a second indictment before the entry of nolle prosequi on his first indictment. *Mitchell v. State*, 792 So. 2d 192, 200 (¶ 25). In *Mitchell*, the supreme court considered whether the defendant had been subjected to multiple prosecutions or any harm that may have resulted from the simultaneous indictments. *Id.* Applying this analysis to the present case, we do not find that Payton was prejudiced by the return of his second indictment before the first indictment was nol prossed. Based on the foregoing, we find that this issue is without merit.

41 So. 3d at 717-18.

Petitioner's argument on this claim appears to be that the first indictment was amended by the second which could only be accomplished by the grand jury that returned the first. This is not supported by the record. As already discussed, the first indictment was ultimately the subject of an order of nolle prosequi after the second indictment was returned. As this is a matter of Mississippi law, there is no basis for relief on this claim. Federal law is not implicated. There is also no constitutional violation, for the indictment in no way deprived the state court of jurisdiction. Therefore, this ground is without merit.

### Ground Two–Whether the indictment was improperly amended

The court of appeals not only rejected the argument about the defective indictment, but did the same as to the amended indictment:

> "The law is clear that an indictment may not be amended if the amendment is one of substance, changing the nature of the charge, except by action of the grand jury." *Belk [v. State]*, 8 So. 3d [272,] at 274 (¶ 8). However, the indictment may be amended if the change is simply one of form, and the defendant will not be prejudiced by the

8

> amendment. *Id.*
>
> Payton's second indictment charged that Payton unlawfully engaged in sexual intercourse with a child, who was at least fourteen years of age but under sixteen years of age at the time of the incident. This charge corresponds with Mississippi Code Annotated section 97-3-65(1)(a)(I) (Rev. 2006). However, the second indictment listed the charging statute as Mississippi Code Annotated section 97-3-65(1)(b)(I) (Rev. 2006), which prohibits the statutory rape of a child under fourteen years of age.
>
> In *Wright v. State*, 958 So. 2d, 158, 169 (¶ 34) (Miss. 2007), the supreme court found that the defendant's indictment was sufficient to provide notice of the crime charged where the substance of the indictment charged the defendant with the proper crime; but because of a typographical error, the indictment listed the wrong subsection of the charging statute. In the present case, Payton's second indictment clearly charges Payton with the proper crime and gives him sufficient notice of the charge against him. We find that the amendment of the indictment was simply one of form and, thus, allowable. This issue is without merit.

41 So. 3d at 718.

The second indictment against Petitioner contains the essential elements of the criminal act charged under Miss. Code Ann. § 97-3-65(1)(a), and also contains the elements required to be included by URCCC 7.06.[9] Moreover, contrary to Petitioner's assertions, the second indictment informed him as to the charge for which he was tried and convicted. It reflected the correct age of the victim as supported by the evidence. As this is also a matter of state law, and

---

[9] "The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following: 1. The name of the accused; 2. The date on which the indictment was filed in court; 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi; 4. The county and judicial district in which the indictment is brought; 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient; 6. The signature of the foreman of the grand jury issuing it; and 7. The words 'against the peace and dignity of the state.' The court on motion of the defendant may strike from the indictment any surplusage, including unnecessary allegations or aliases."

there is no constitutional violation or federal law at play, this ground is also without merit.

**<u>Ground Three–Whether petitioner was deprived of his right to a speedy trial</u>**

In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court established a four-part balancing test to be used for determining whether a defendant received a speedy trial within the meaning of the Sixth Amendment. *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000), *cert. denied*, 532 U.S. 975 (2001).[10] The *Barker* analysis requires the Court to consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, 407 U.S. at 530. The first factor–the length of the delay–serves as the "triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.*

Since the delay between petitioner's arrest on March 7, 2008[11] and the commencement of his trial on January 7, 2009 was 306 days (i.e., less than a year), it is not necessarily regarded as "presumptively prejudicial" for purposes of prompting a full *Barker* analysis. *See U.S. v. Frye*, 372 F.3d 729, 737 (5th Cir. 2004), *cert. denied*, 543 U.S. 1155 (2005) (referring to a delay

---

[10]The trial court cited *Barker*. [10]-2 at 20. The Mississippi Court of Appeals couched its discussion in terms of state statutory and constitutional grounds. Although it is not clear whether petitioner asserts his right to a speedy trial under the Mississippi statute or the Mississippi state constitution, these are clearly not proper claims for habeas relief from this Court. *See* 29 U.S.C. § 2254(a) (providing that the Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis supplied).

[11]Speedy trial rights attach upon arrest or indictment, whichever comes first. *U.S. v. Neal*, 27 F.3d 1035, 1042 (5th Cir. 1994). Petitioner was arrested twice: the first time in February 2008 when he assumed the identity of his brother on a probation revocation, and the second on or around March 7, 2008 on the charge leading to his present conviction once his true identity was determined. The Court will use the latter date.

"longer than our one-year guideline"); *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993), *cert. denied*, 510 U.S. 1167 (1994) (citing circuit law that "generally requires a delay of one year to trigger speedy trial analysis") (citation omitted). Nevertheless, out of caution, this Court will undertake a full *Barker* analysis and evaluate the first three factors "in order to determine whether prejudice will be presumed or whether actual prejudice must be shown." *Frye*, 372 F.3d at 736 (citation omitted).

The first factor in the *Barker* analysis is length of delay. In this case, it was ten months months between petitioner's arrest and the commencement of his trial.[12] The Fifth Circuit has held that delays of less than five years are not enough, by duration alone, to presume prejudice. *See, e.g., U.S. v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (seventeen months); *U.S. v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006) (fourteen months); *Frye*, 372 F.3d at 737 (sixteen months); *U.S. v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003), *cert. denied*, 541 U.S. 981 (2004) (three years, nine months). Accordingly, this factor does not weigh in petitioner's favor.

As for the second factor–the reasons for the delay–"[a] deliberate and intentional delay by the prosecution for the purpose of hindering the defense or otherwise gaining a tactical advantage is weighed heavily against the state." *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994), *cert. denied*, 513 U.S. 886 (1994).[13] On the other hand, "[a]n unintentional and inadvertent delay . . . is weighed much less heavily." *Id*. "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be

---

[12]Respondent's position that this delay triggers the *Barker* analysis is based on state, not federal, law. [9] at 13.

[13]*Cowart* involved a 349-day delay (i.e., less than a year), which was not presumptively prejudicial. 16 F.3d at 646-47.

11

considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 407 U.S. at 531. "Where the state advances valid reasons for the delay, or the delay is attributable to acts of the defendant, this factor is weighed in favor of the state." *Cowart*, 16 F.3d at 647 (citing *Barker*).

In the instant case, the record shows that the trial court heard testimony regarding petitioner's speedy trial claim. It was developed that another case was set for trial on the date petitioner was to be tried originally, and was set ahead of petitioner's trial. A jury was brought in for that other case, and petitioner's case was not reached at that time. [10]-2 at 13, 17. This factor does not carry much weight against the state.

The third *Barker* factor is whether petitioner effectively asserted his right to a speedy trial. It is well-established that a request for dismissal is not a valid demand for a speedy trial.[14] *See Frye*, 372 F.3d at 739 (holding erroneous the trial court's finding this factor in favor of defendant where he "did not claim the speedy trial right in order to obtain a speedy trial, but in order to have the indictment dismissed"); *Cowart*, 16 F.3d at 647 ("[A]n assertion that charges be dismissed for a speedy trial violation is not a value protected under *Barker*.") (citing *Hill v. Wainwright*, 617 F.2d 375, 379 (5th Cir. 1980)). Thus, this factor is given "strong evidentiary weight" in favor of the state. *Id.* (citing *Barker*, 407 U.S. at 531).

Nevertheless, whether counsel's dismissal requests may be deemed a demand for a speedy trial, petitioner specifically invoked a formal demand for a speedy trial on October 28,

---

[14]*See* [10]-1 at 16 (Motion for Dismissal based on speedy trial grounds filed by trial lawyer); [10]-1 at 19 (*pro se* Motion to Dismiss charges). Both motions were filed December 31, 2008, one week before trial was held. Petitioner's motion focused on the indictment history. *See also* [10]-1 at 28 (another *pro se* motion to dismiss charges, also recounting indictment history).

2008. [10]-1 at 12.[15]  That request occurred one week before the original trial setting of November 5, 2008.  [10]-1 at 11 (order setting case for trial signed September 18, 2008).  "Mere assertion of the speedy trial right is not enough for this factor to weigh in a defendant's favor.  If he waits too long, his pre-assertion silence will be weighed against him."  *Parker*, 2007 WL 2998710, at *5 (finding defendant not diligent in asserting speedy trial right where 8 months passed between indictment and first affirmative indication he wanted trial to proceed, and a further 6 months passed before he affirmatively asserted right to a speedy trial).  Therefore, this weighs against presumed prejudice.  *Id*.  *See also Frye*, 372 F.3d at 739 (noting that amount of time that lapsed before defendant made a formal request for a speedy trial (one year from initial indictment) "cuts against presuming prejudice").

The fourth *Barker* factor is prejudice to the defendant.  "Since the first three factors do not weigh heavily against the state, [petitioner] must make an affirmative showing of actual prejudice."  *Cowart*, 16 F.3d at 647.  The Supreme Court has identified three interests which the constitutional right to a speedy trial seeks to safeguard: 1) preventing oppressive pretrial incarceration; 2) reducing anxiety and concern of the accused; and 3) protecting against impairment of the defense.  *Id*. (citing *Barker,* 407 U.S. at 532).

At the pre-trial hearing, petitioner testified it was "stressing him out" and "very stressful" for the delays occurred in getting to trial.  [10]-2 at 10.  *See, e.g., Cowart*, 16 F.3d at 647 ("Anxiety about one's reputation and private life during pretrial delay . . . will not alone suffice to warrant a reversal of a conviction.").  *See also U.S. v. Bieganowski*, 313 F.3d 264, 285 (5th Cir.

---

[15]There is oral evidence in the record that petitioner verbally invoked the speedy trial issue.  *See* [10]-2 at 15 (trial counsel's recollection of two attempts by petitioner–on September 15 and December 1–to address issue).

2002), *cert. denied*, 538 U.S. 1014 (2003) (holding that claims of "psychological and economic strain" are insufficient to establish necessary prejudice); *U.S. v. Avalos*, 541 F.2d 1100, 1115 (5th Cir. 1976) ("Anxiety of the sort 'present to some degree in virtually every case' does not amount to actual prejudice.") (citation omitted); *Beckwith v. Anderson*, 89 F. Supp. 2d 788, 802 (S.D. Miss. 2000) (holding that anxiety about one's personal and/or family life, and ordinary financial strains imposed by a criminal prosecution not enough to establish prejudice).

In addition, petitioner testified that there were no witnesses missing that would have been called had his trial occurred earlier, and he had experienced no physical or mental problems that would prohibit him from remembering the events for which he was charged. [10]-2 at 12. He has made no specific allegations, nor provided any evidence, that his defense was impaired in any way as a result.

In weighing the *Barker* factors, it is clear that petitioner has failed to establish a violation of his constitutional right to a speedy trial. There is no prejudice, presumed or actual. The Court finds that the Mississippi Court of Appeals's decision rejecting petitioner's speedy trial claim was neither contrary to, nor an unreasonable application of, clearly established federal law, and habeas relief on this claim should be denied.

### Ground Four–Whether there was prosecutorial misconduct

In *United States v. Gallardo-Trapero*, 185 F.3d 307 (5th Cir. 1999), the appellate court recognized that its "review of an assertion of prosecutorial misconduct takes place in two steps. First, we must initially decide whether or not the prosecutor made an improper remark . . . If an improper remark was made, we must then evaluate whether the remark affected the substantial rights of the defendant." *Id*. at 320 (citations omitted). Moreover, "[i]n assessing whether

14

statements made by a prosecutor were improper, it is necessary to look at them in context." *Id.* (citation omitted).

In petitioner's own words:

The prosecutor presented false information in the motion to amend the indictment, asserting to the court that only the time (form) of the crime would be changed. The time was never changed from indictment to indictment. In the amended indictment, the prosecutor changed the nature of the crime (substance), not the time of the crime [] thereby misleading the court, which amounted to prosecutorial misconduct. The prosecutor also mislead the court by asserting that a trial date had not been set, when it was known at the time that trial was set to commence on 01-07-09.

[1] at 10.

These assertions are not supported by the record. Petitioner was consistently charged with statutory rape. The charging language of the second indictment was consistent with the evidence, specifically the victim's correct age. The only change that occurred was the subsection of the statutory rape statute under which Petitioner was charged.[16] [10]-2 at 7-8. As to the missing trial date, the prosecutor explained that "just so the record is clear, we filed two motions. He received both copies. It was an amended copy that provided the new trial date." [10]-2 at 8.

The prosecutor's remarks were not improper. The relief she requested was properly granted. In any event, the remarks in no way affected petitioner's substantial rights. This ground is without merit.

---

[16]*See supra* note 8.

**Ground Five–Whether petitioner received ineffective assistance of counsel**

Petitioner claims that he received ineffective assistance of counsel at trial.[17] Again in petitioner's own words:

> In the case at bar, trial counsel failed to make key and necessary objections during the course of the trial, and during the sentencing phase. Counsel's failure to make objections resulted in potential issues being barred (loss) from appellate review. Trial counsel also failed to challenge the defective indictments in a meaning manner, and failed to object to specific jury instructions, which resulted in prejudice to [petitioner].

[1] at 12-A.

It was in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." In order to establish deficiency, petitioner must show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. "To meet the prejudice prong of the *Strickland* test the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986), *cert. denied*, 476 U.S. 1143 (1986) (citation omitted). Further, petitioner must not only prove that the outcome of his trial would have been different "but for counsel's alleged errors," but must also show that "'the result of the proceeding was fundamentally unfair or unreliable.'" *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell*, 506 U.S. 364,

---

[17]Petitioner goes so far in his traverse as to assert that "[t]he brief filed by appointed appellate counsel, pursuant to *Lindsey v. State* . . . amounted to the ineffective assistance of appellate counsel." [9] at 5. The performance of appellate counsel is not before the Court; all grounds identified in the [1] Petition are made against trial counsel (as was the case before the Mississippi Court of Appeals).

369 (1993)).

This Court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .". *Strickland*, 466 U.S. at 689; *see also Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998) (observing that the Fifth Circuit "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (internal quotations and citations omitted).

As a final point,

> [i]t bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made the showing required under *Strickland*]. Instead, the test is whether the state court's decision–that [the petitioner] did *not* make the *Strickland*-showing–was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim.

*Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004), *cert. denied*, 541 U.S. 1087 (2004) (citation omitted; emphasis and brackets in original).[18]

Petitioner does not specifically identify the "key and necessary objections" trial counsel should have made. As Respondent points out, the Fifth Circuit has

> made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]." *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).

*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

---

[18]The court of appeals cited state case law to conclude that it "cannot find any evidence to support a viable claim of ineffectiveness of counsel." 41 So. 3d at 719. This Court's analysis under *Strickland* reaches the same result.

17

Petitioner's "conclusory allegations" and failure to make a "specific showing" render this claim meritless.

This Court has already determined that the indictments were not defective. It follows that trial counsel was not and could not have been ineffective for not challenging them.

The only two substantive jury instructions given for the State were S-1-A and S-3-A. [4]-6 at 1 and 2. Both are correct statements of the law as applied to the facts.[19] This claim is without merit.

In light of the overwhelming evidence introduced at trial–which included the testimony of the victim who identified petitioner as the perpetrator, DNA evidence, and petitioner's admission that he engaged in sexual intercourse with the 15-year old victim–petitioner cannot establish a reasonable probability that the result of his trial would have been different. Accordingly, this claim does not provide a basis for habeas relief.

In sum, the state court trial proceedings were fundamentally fair and reliable. The trial court's decisions did not prejudice the defense, and trial counsel's performance was not ineffective. Petitioner has not shown a deprivation of his constitutional rights.

## **RECOMMENDATION**

For the reasons stated above, it is the recommendation of this Court that the relief sought in Glenn Payton Jr.'s [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied and that the petition be dismissed with prejudice. It is further recommended that Petitioner's [13] Motion for Summary Judgment be denied.

---

[19]At the state court appellate level, "[petitioner] failed to specifically note any jury instruction that contained error, and the Court could not find any error in the jury instructions." 41 So. 3d at 719.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[20]

THIS the 13th day of June, 2012.

                                                        s/Michael T. Parker
                                                        United States Magistrate Judge

---

[20] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.